UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CASHMERE AND CAMEL HAIR MANUFACTURERS INSTITUTE,<br><br>  Plaintiff,<br>v.<br><br>AMAZON.COM, INC. and<br>CS ACCESSORIES, LLC<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. NO. 1:21-cv-11872-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO
AMAZON.COM, INC.'S EMERGENCY MOTION
TO CONTINUE DECEMBER 7 TRIAL DATE**

Plaintiff Cashmere and Camel Hair Manufacturers Institute ("CCMI") respectfully opposes defendant *Amazon.com, Inc.'s Emergency Motion to Continue December 7 Trial Date*, filed by Amazon just before 10 P.M. last night, Dec. 2, 2021 (the "Amazon Motion") on the following grounds:

The Amazon Motion argues, in ¶3, that "[o]n December 1, 2021, counsel appeared for the preliminary injunction hearing…[and i]nstead of hearing the motion, … the Court scheduled a jury-waived trial on the merits for six days later, on December 7, 2021" but it omits the fact that the Court scheduled the trial to begin on that date **with Amazon's express consent.**[1] Since then, in reliance on that consent, and the Court's Orders, CCMI has interrupted the schedules of all of its witnesses, including its lead expert Dr. Martin Bide, Ph.D, made arrangements with and

---

[1] Amazon is one of the world's largest corporations, employing over 800 lawyers, and dozens of large outside law firms, such as the two appearing for it in this case, Fenwick & West and Nutter McClennan & Fish.

obtained commitments from them to appear next week, and expended substantial resources to prepare for the Dec. 7 trial, in lieu of a preliminary injunction, in order to stop immediately the ongoing irreparable harm caused by the flood of falsely mislabeled Purported Cashmere Garments that Amazon has released into the market on the eve of the Holiday shopping season -- which Amazon's repeatedly expressed "commitments" to "block accused products" <u>simply are not stopping</u>.  S*ee, e.g., Affidavit of Kuniyasu ("Kenneth") Shimizu in Support of Plaintiff's Opposition to Amazon.com's Emergency Motion to Continue December 7 Trial Date*, dated Dec. 3, 2021, filed herewith.

Unlike the repeated unsubstantiated assurances offered by Amazon as to what it "commits" to do (the last one offered by Amazon affiant Paul Thomas, a new employee just hired by Amazon three (3) months ago), <u>which have repeatedly been proven unreliable</u>, CCMI is offering actual evidence, each time the issue is brought up, that Amazon simply is not doing what it is claiming to be doing to even come close to maintaining a "block" on the advertising and sale of the falsely represented Purported Cashmere Garments in issue in this case -- which are so numerous that CCMI is straining its resources to keep up, and to respond to Amazon's demands that it produce more and more evidence of the false advertising that Amazon itself is committing.  From CCMI's standpoint, and in the public interest as well, this needs to stop now, and the only way to stop it is to finally present the evidence that will persuade the Court to stop it -- because Amazon *simply will not*.

In that regard, Amazon's Motion again argues, as its motion to delay the Dec. 1 hearing did, that "[if] this motion is granted," Amazon "commits" to the process outlined in its memorandum … to block accused products" from its websites, *id*. at p. 1, and it again claims, as it did in its motion to delay the Dec. 1 hearing, that "Amazon voluntarily blocked the co-

defendant CS Associates and the products of other third-party sellers" and "also blocked every listing of allegedly mislabeled products that CCMI has identified to date," *id.* at p. 3., and that [a]ccordingly, this continuance would not prejudice Plaintiff or its members." *Id.* at p. 1.

Again, however, <u>this is not true</u>.  The Purported Cashmere Garments falsely represented as "100% Cashmere Made in Scotland," with their Union Jack flag label, are **<u>still</u>** being falsely advertised for sale on Amazon websites, well **<u>after</u>** Amazon represented, on Nov. 24, 2021, Nov. 30, 2021, and December 1, 2021, that they were all being "blocked."

The below was purchased by Mr. Shimizu of CCMI just yesterday, for example, as a continuation of Amazon's "Black Friday" sales event (see upper right):



It is the same type of scarf, with the same label bearing the U.K. "Union Jack" flag, and representing that it is "*100% Cashmere*-Made in Scotland," as many of the scarves already identified in plaintiff's expert affidavits <u>as consisting of 100% flammable Acrylic</u>:

 

These garments are still being advertised and sold as "100% Cashmere on the Amazon Japan website as of today, Dec. 3, 3021, and CCMI's Asia representative Ken Shimizu was able to buy one and did buy one yesterday, Dec. 2, 2021, despite repeated representations by Amazon, over the last several weeks, that all of them have been withdrawn from sale.

Also, other scarves falsely labeled as "100% Cashmere" **continue to be sold on Amazon's U.S. website**, and offered for sale by Amazon, that are testing out as 100% synthetic. Another half a dozen *have just been tested this week*, with the same result -- all are 100% synthetic. CCMI's expert's notes on six (6) of those tests are below:

| Sample ID: USA 21-048 CA |  | |
|---|---|---|
| Test | Observation | Conclusion |
| Burn test | Melting apparent in all yarns examined.  Fibers burn.  Hard bead remains.  No "burning hair" smell | Synthetic fiber |
| Dissolving test | Soluble in DMF | Acrylic |
| Microscope test | Delustred synthetic fiber.  Mix of dark and light. Dark is mix of finer and coarser fibers. No scales present | Synthetic fiber |

<u>Overall conclusion:</u> This sample is composed of acrylic fibers.  It has none of the identification characteristics of cashmere fibers, and is not cashmere.

| Sample ID USA21-042 CA | | |
|---|---|---|
| Test | Observation | Conclusion |
| Burn test | Melting apparent in all yarns examined.  Fibers burn.  Hard bead remains.  No "burning hair" smell | Synthetic fiber |
| Dissolving test | Not soluble in DMF.  Dye is stripped from fibers in this solvent. | Most likely polyester |
| Microscope test | Round, fine, delustered.  No scales present | Synthetic fiber |

<u>Overall conclusion:</u> This sample is composed of synthetic fibers, most likely polyester.  It exhibits none of the identification characteristics of cashmere fibers, and is not cashmere.

| Sample ID: USA 21.043 CA | | |
|---|---|---|
| Test | Observation | Conclusion |
| Burn test | Melting apparent in all yarns examined.  Fibers burn.  Hard bead remains.  No "burning hair" smell | Synthetic fiber |
| Dissolving test | Not soluble in DMF.  Dye is stripped from fibers in this solvent. | Most likely polyester |
| Microscope test | Round, fine, delustered.  No scales present | Synthetic fiber |

<u>Overall conclusion:</u> This sample is composed of synthetic fibers, most likely polyester.  It has none of the identification characteristics of cashmere fibers, and is not cashmere.

| Sample ID: USA 21-045 CA | | |
|---|---|---|
| Test | Observation | Conclusion |
| Burn test | Melting apparent in all yarns examined.  Fibers burn.  Hard bead remains.  Suggestion of cellulose ("burning paper") smell.  No "burning hair" smell | Synthetic fiber, perhaps blended with a cellulosic fiber |
| Microscope test | Dark synthetic fiber (no delustrant).  Light rayon fibers | Synthetic fiber/rayon blend |
| Dissolving test | Insoluble in DMF: dye stripped from sample | Synthetic fiber is likely polyester |

<u>Overall conclusion:</u> This sample is composed of a blend of synthetic (most likely polyester) and rayon fibers.  It has none of the identification characteristics of cashmere fibers, and is not cashmere.

| Sample ID USA21-046 CA | | |
|---|---|---|
| Test | Observation | Conclusion |
| Burn test | Fibers burn readily without melting, and with a "burning paper" smell | Cellulosic fiber |
| Dissolving test | Not applicable | |
| Microscope test | Striated manufacture fiber | Rayon |

<u>Overall conclusion:</u> This sample is composed of rayon fibers. It exhibits none of the identification characteristics of cashmere fibers, and is not cashmere.

| Sample ID: USA 21.047 CA |  | |
|---|---|---|
| Test | Observation | Conclusion |
| Burn test | Fibers burn readily without melting, and with a "burning paper" smell | Cellulosic fiber |
| Dissolving test | Not applicable | |
| Microscope test | Striated manufacture fiber | Rayon |

<u>Overall conclusion:</u> This sample is composed of rayon fibers.  It exhibits none of the identification characteristics of cashmere fibers, and is not cashmere.

In summary, it is my professional opinion, to a very high degree of scientific certainty, that none of the above samples were composed of cashmere or any other animal hair fiber.

All CCMI is asking is the chance to prove that the above is true right now in an actual trial as scheduled next week. Dr. Bide is ready to appear, as are other CCMI witnesses who have cleared their schedules for next week to do this.  It will not take that long, the issues are straightforward, and Amazon's capable counsel agreed to the December 7 trial date with full knowledge of whatever facts they now seek to rely on to again delay matters.

Under these circumstances, it is not fair (or credible) for Amazon, one of the most powerful companies in the world, to argue that it does not have enough lawyers to cover this trial starting December 7 as scheduled -- especially given what the evidence to date indicated it is doing in to the Cashmere marketplace.  The other arguments offer in the Amazon motion are equally unpersuasive.  If an Amazon witness is unavailable Thursday, for example (and there is no indication yet whether Thursday would be the day he would have to appear), that can be worked out, and all the other arguments in the motion cannot succeed now when they were never raised at the time Amazon agreed to the trial date.  Moreover, the issues in this case are not complicated, and the relief CCMI is seeking is simple.  That is part of why all counsel agreed on the December 7 date to begin with.

There is also compelling evidence that Amazon has repeatedly given assurances of taking responsible measures that it simply is not taking, and will not take. *See* pp. 2-10, *supra*.  Thus, the Amazon Motion is seriously mistaken in arguing that

> "Amazon's actions and assurances are squarely of the type that eradicate any need for injunctive relief. *See Camel Hair & Cashmere Inst. of Am., Inc. v. Associated Dry Goods Corp.*, 799 F.2d 6, 13 (1st Cir. 1986) (affirming denial of preliminary injunction against Federated Department Stores, Inc., which had removed mislabeled products from stores).

Amazon Motion at p. 3, because they are not, and *Associated Dry Goods* was a different situation in which the evidence of false labeling was actually disputed, whereas neither defendant

here has offered <u>any</u> argument or evidence that these Purported Cashmere Garments are accurately labeled, and Federated actually took the garments off sale when they said they would, and did not repeatedly represent that they had done so when they had not, as Amazon is doing here, and has repeatedly done over the past several weeks.

In short, the December 7 trial date was set by agreement of all counsel, is needed to deal with the exigent circumstances present here (including the certainty that if it is delayed through all the holidays, thousands of fake "Cashmere" goods will be sold on Amazon's websites), and should not be belatedly postponed at the behest of a sophisticated party, with unlimited resources and experienced counsel, who agreed to it after being given a full opportunity, in open Court, to object to it or raise any of the issues on which it now relies.

For all of these reasons, CCMI respectfully prays that defendant *Amazon's Emergency Motion to Continue December 7, 2021 Trial* be denied, and the parties allowed to proceed as scheduled on December 7.

Respectfully submitted,

CASHMERE AND CAMEL HAIR
MANUFACTURERS INSTITUTE

By its attorneys,

*/s/Robert Kaler*
Robert J. Kaler, Esq.
BBO No. 542040
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 854-1443
Facsimile: (617) 523-6850
robert.kaler@hklaw.com

Dated: December 3, 2021

*Counsel for Plaintiff CCMI*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2021, a copy of this document has been served on counsel for defendants through the ECF system.

/s/Robert Kaler